UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PERLA KNUEPPEL,

    Plaintiff,

v.                                                    Case No: 6:24-cv-1521-JSS-LHP

TRUE CHOICE LLC and MED
ADVANTAGE ADVISORS, LLC,

    Defendants.
_____/

**ORDER**

Plaintiff filed a Notice of Dismissal (Dkt. 10) seeking to dismiss this putative class action with prejudice as to Plaintiff's individual claim and without prejudice as to any other potential member of the putative class's right to bring claims. (Dkt. 10.) Upon review of the docket, none of the Defendants have filed an answer or motion for summary judgment in this matter. *See* Fed. R. Civ. P. 41(a)(1)(A)(i); *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1307 (11th Cir. 2016) ("According to the plain text of Rule 41(a)(1)(A)(i), only the filing of an answer or a motion for summary judgment terminates a plaintiff's ability to voluntarily dismiss its claims without a court order.")

Plaintifff represents that she reached a settlement with Defendants as to her claims. (Dkt. 9.) Additionally, no other class members have appeared in this action. Federal Rule of Civil Procedure 23(e), states that a "certified class" or a "class proposed to be certified for purposes of settlement" may be voluntarily dismissed only with the court's approval. Fed. R. Civ. P. 23(e). Since the putative class has not been

certified and no other class member has appeared, the court does not need to approve Plaintiff's voluntary dismissal. *See Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1081 (11th Cir. 2017) (explaining that the 2003 amendment to Rule 23(e) intentionally limited the courts' supervisory powers over settlements and voluntary dismissals to class actions in which a class has been certified). Further, since this dismissal only binds Plaintiff as the proposed class representative, the court does not need to dismiss without prejudice any potential claims of class members who have not appeared. *See* 2 Joseph M. McLaughlin, *McLaughlin on Class Actions* § 6:1 (20th ed. 2023) (explaining that a settlement between only the named plaintiff and defendant prior to class certification has no preclusive effect on the claims of absent class members).

Accordingly:

1. This case is **DISMISSED with prejudice**.
2. The parties shall bear their own costs and attorney's fees.
3. Any pending motions are **DENIED** as moot.
4. The Clerk is **DIRECTED** to terminate any pending deadlines and thereafter close this case.

**ORDERED** in Orlando, Florida on October 7, 2024.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record